IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICROSOFT CORPORATION

                              Plaintiff,

      v.                                              1:06-cv-2934-WSD

WALTER GORDON, an individual
d/b/a GORDON PC SERVICES;
and WALTER GORDON, an
individual,

                              Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Microsoft Corporation's

("Microsoft") Motion for Default Judgment and Permanent Injunction [9].

On December 4, 2006, Microsoft filed a complaint against Walter Gordon as

both an individual and in his capacity doing business as Gordon PC Services

("Defendant").  Plaintiff asserted claims for, among other things, copyright

infringement, violations of federal trademark rights, and various Georgia state law

claims involving unfair competition and deceptive trade practices.  Microsoft

alleges that the Defendant advertised, marketed, installed and distributed software

that infringed nine Microsoft copyrights (TX 5-407-055; TX 5-837-617; TX 5-

837-636; TX 5-900-087; TX 5-852-649; TX 5-900-088; TX 5-837-618; TX 5-877-513; and TX 5-901-713), and seven Microsoft trademarks (1,200,236; 1,256,083; 1,872,264; 2,744,843; 1,475,795; 1,741,086; and 2,188,125).

On December 4, 2006, Microsoft served its Complaint on Defendant. (Return of Service [5].)  Defendant did not answer the Complaint, and Plaintiff moved for default against Defendant on March 5, 2007.  (Mot. for Default [7].) The Clerk of Court entered default on the same day.  On April 18, 2007, Plaintiff filed its Motion for Default Judgment.  Microsoft requests statutory damages for copyright infringement and violations of its trademark rights, a permanent injunction against Defendant restraining him from further infringement, and an award of attorneys fees and costs.  Defendant has not responded to the Motion, and pursuant to Local Rule 7.1B, the Motion is deemed unopposed.  L.R. 7.1B, N.D. Ga.

Because Microsoft has elected to seek only statutory damages, the Court finds that judgment is requested in a sum certain and that a hearing is not required. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002).  The Court has wide discretion in setting the amount of statutory damages, within the limits of the statute.  See Cable/Home Comm. Corp. v. Network Prod., 902 F.2d 829, 852

(11th Cir. 1990).  For copyright infringement, the Court may award an amount of no less than $750 dollars but no more than $30,000 per act of infringement. 17 U.S.C. § 504(c)(1).  The Court may, in its discretion, award as much as $150,000 per act of infringement if it finds willfulness.  17 U.S.C. § 504(c)(2).  For counterfeit trade or service mark violations, the Court may award an amount of no less than $500, but no more than $100,000 per counterfeit mark, per type of good or service sold.  15 U.S.C. § 1117(c)(1).  The Court may, as it considers just, award as much as $1,000,000 per counterfeit mark per type of good or service sold if it finds the use of the counterfeit mark to be willful.  15 U.S.C. § 1117(c)(2).

In this case, although it maintains that Defendant's actions were willful, Microsoft has elected to ask for statutory damages based on the maximum statutory limits for non-willful conduct.  Microsoft requests statutory damages of $30,000 for each of the nine allegedly infringed copyrights, and $100,000 for each of six trademarks at issue, for a total of $870,000.[1]

---

[1] Microsoft has alleged seven trademarks at issue in this action, two of which are the word "MICROSOFT."  Of the seven registrations, the mark "MICROSOFT" is registered under two different classifications of goods. Consistent with the statutory language of 15 U.S.C. § 1117(c), which authorizes statutory damages "per counterfeit mark," Microsoft seeks damages only once for the MICROSOFT mark, even though that mark has two registrations.  Thus, Plaintiff seeks damages for six marks.  (Mot. for Def. Judgment, at 11 n.1.)

The Court, in its statutory discretion, declines to award the amount requested by Microsoft.  The purpose of a range of statutory damages (and a greatly enlarged range when willfulness is proven) appears to be to allow courts to calibrate statutory damage awards to the scope of the conduct and the culpability of the defendant.  The Court believes that statutory damage maximums should be reserved for cases of notable scope or particularly egregious conduct.  Microsoft has not alleged any facts concerning the scope of the Defendant's operations or economic benefits of Defendant's infringing activities, and has chosen not to pursue damages for willfulness.  In the absence of any allegation that Defendant operated on a notable, profitable scale, the Court declines to impose the maximum statutory award, but rather awards a lesser amount that is still substantial enough to compensate Microsoft and to deter future potential infringers like Defendant.  The Court awards $5,000 per infringed copyright, and $20,000 per counterfeited trademark, for a total statutory damage award of $165,000.

The Court further finds that Microsoft's requested attorneys' fees of $2,192.87 and costs of $617.76 are reasonable.  Both the Copyright Act and the

Lanham Act authorize awards of reasonable attorneys fees to prevailing plaintiffs.[2]

17 U.S.C. § 505; 15 U.S.C. § 1117(a).  Both statutes also authorize costs.

Microsoft is entitled to recover its reasonable attorneys' fees and costs in this

litigation.

Microsoft also requests a permanent injunction.  The Copyright Act

authorizes courts to grant temporary or final injunctions "on such terms as it may

deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C.

§ 502(a).  The Lanham Act similarly authorizes injunctions "according to the

principles of equity and upon such terms as the court may deem reasonable, to

prevent the violation of any right of the registrant of a mark. . . ." 15 U.S.C.

§ 1116(a).  Because the facts admitted to be true by default establish willful

---

[2]  While the Copyright Act permits courts to award attorneys' fees as a
matter of discretion, the Lanham Act limits attorneys' fees to "exceptional cases."
Because Defendant defaulted in this case, Microsoft's well-pleaded allegations of
fact are deemed admitted.  <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir.
1987).  The well-pleaded facts in this case are sufficient to establish liability and
willfulness, because they show that Defendant was warned to cease the infringing
behavior, but persisted.  This constitutes an "exceptional case."  Even though
Microsoft elected not to ask for damages consistent with willful conduct, an award
of attorneys' fees is in this context appropriate.  <u>See</u>, <u>e.g.</u>, <u>PetMed Express, Inc. v.
MedPets.Com, Inc.</u>, 336 F. Supp. 2d 1213 (S.D. Fla. 2004).

violations of Microsoft's rights, the Court finds that a permanent injunction is appropriate to prevent any further violations.

Accordingly,

**IT IS HEREBY ORDERED** that Microsoft Corporation's Motion for Default Judgment and Permanent Injunction Against the Defendants [9] is **GRANTED** consistent with the terms of this Order.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** be entered against Defendant Walter Gordon in the amount of $165,000.

**IT IS FURTHER ORDERED** that Defendant pay **ATTORNEYS' FEES** and **COSTS** in the amount of $2,810.63.

**IT IS FURTHER ORDERED** that Defendant Walter Gordon, individually and d/b/a Gordon PC Services, is **PERMANENTLY ENJOINED** from:

(a) initiating, copying, or making any other infringing use or infringing distribution of software, programs, components, end-user license agreements ("EULAs"), or other items (collectively, "property") protected by Microsoft's registered trade or service marks 1,200,236; 1,256,083; 1,872,264; 2,744,843; 1,475,795; 1,741,086; and 2,188,125; or any property protected by Certificate of Copyright Registration Nos. TX 5-407-055; TX 5-837-617; TX 5-837-636; TX 5-

900-087; TX 5-852-649; TX 5-900-088; TX 5-837-618; TX 5-877-513; and TX 5-901-713, or any other of Microsoft's trademarks or copyrights;

(b) Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trade or service marks, including but not limited to the Registration Nos. listed in paragraph (a) above (collectively, "imitation mark"), or using any such imitation mark in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any property not authorized or licensed by Microsoft;

(c) using any false designation of origin or false description which can or is likely to cause an erroneous belief that any property has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(d) using the names or logos of Microsoft or any of its software protected by copyright or trademark, or any variations thereof, in any of Defendant's trade or corporate names;

(e) disposing of or destroying any documents or related materials that indicate, reference, or otherwise evidence that Defendant has installed, marketed, manufactured, distributed, advertised, or duplicated counterfeit or infringing software programs or items which bear any of Microsoft's registered trade or service marks, or incorporate or include any of Microsoft's copyrighted software programs or components, or any imitation mark.

**SO ORDERED** this 24th day of May, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

-8-